IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICIA J. COLEMAN,                )
                                    )
            Plaintiff               )            Civil No. 05-3088-CO
                                    )
      v.                            )            OPINION AND
                                    )            ORDER
JO ANNE B. BARNHART,                )
Commissioner of Social Security,    )
                                    )
            Defendant               )


ARTHUR W. STEVENS, III
Black, Chapman, Webber, Stevens,
Peterson & Lundblade
930 W. 8th Street
Medford, OR 97501

        Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

JOHANNA VANDERLEE
Special Assistant U.S. Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075

        Attorneys for Defendant

COONEY, Magistrate Judge:

Plaintiff Patricia Coleman seeks judicial review of the Social Security Commissioner's final decision denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c).

For the following reasons, this case is remanded this for the calculation and award of benefits.

## BACKGROUND

Coleman filed for DIB and SSI on May, 11, 2001. Tr. 58 - 60, 357.[1] She alleged disability due to lower back injury and right hand weakness. Tr. 75. Coleman later alleged disability due to bipolar disorder. Tr. 41. Coleman contends she has been unable to work due to these impairments since April 24, 2001. Tr. 19.

Her applications were initially denied. Tr. 50 - 52, 166-70, 696-703. Hearings were held before an administrative law judge (ALJ) on April 6 and 23, 1999. Tr. 65-159. The ALJ issued an unfavorable decision on June 28, 1999. Tr. 13-44. Coleman's's request for review before the appeals council was denied, and she filed a timely petition in U.S. District Court. Tr. 7, 724.

Born in 1954, Coleman completed a GED and one year of college. Tr. 58, 81. Between 1984 and 2001 Coleman worked as a sales clerk, receptionist, "assistant coordinator," caregiver,

---

[1] Citations "Tr." refer to the indicated pages in the official transcript of the administrative record, filed with the Commissioner's Answer January 30, 2006 (docket #9).

and office clerk.  Tr. 76, 94.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential  process encompassing between one and five steps in determining disability under the meaning of the Act.  20 C.F.R. § 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  Coleman challenges the ALJ's evaluation of the evidence and his conclusion at step five.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments.  20 C.F.R. § 404.1520(e), 416.920(e), Social Security Ruling (SSR) 96-8p. The ALJ uses this information to determine if the claimant can perform past relevant work at step four.

If proceedings reach step five, the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 141-2; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. § 404.1520(a)(4)(v), 416.920(a)(4)(v).

The initial burden of establishing functional limitations rests upon the claimant.  If the process reaches the fifth step the burden shifts to the Commissioner to show that jobs exist in the national economy in the claimant's residual functional capacity.  *Yuckert*, 482 U.S. at 141-2; *Tackett*, 180 F.3d at 1098. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. § 404.1566, 416.966.

## THE ALJ'S FINDINGS

The ALJ found Coleman's ability to work impeded by "moderate" psychological impairments.  Tr. 22, 24.  The ALJ assessed Coleman's RFC:

> The claimant is limited from lifting and carrying more than 10 pounds frequently with an occasional 20-pound maximum.  She has a limited capacity for prolonged walking and standing and requires an opportunity to change position.  She is limited to occasional ladder climbing, stooping, bending, and crouching.  As of the establishment of her psychological diagnoses in mid-2002, she has additional moderate limitations understanding, remembering, and carrying out detailed instructions, interacting with others as part of a team, tolerating changes in the work setting, and interacting appropriately with the public.

Tr. 27.

The ALJ found that this RFC did not preclude Coleman from performing a significant number of jobs in the national economy.  Tr. 27.  Accordingly, the ALJ found Coleman not disabled at any time through the date of his decision.  Tr. 28.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004).  This court must weigh "both the evidence that supports and detracts from the Commissioner's conclusion."  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d. 771, 772 (9th Cir. 1986)).  The reviewing court "may not substitute its judgement for that of the Commissioner."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading.  *Magallanes*, 881 F.2d at 750; *see also*

*Batson*, 359 F.3d at 1193.

**DISCUSSION**

Coleman claims the ALJ failed to properly evaluate records produced by her treating psychiatrist, failed to properly evaluate lay witness testimony, and erred in relying upon an inaccurate RFC calculation in finding Coleman could preform work in the national economy.

**I. Medical Source Statements**

Coleman submits the ALJ improperly considered the opinion of her treating psychiatrist, Dr. Thein. Plaintiff's Opening Brief, 15. The ALJ observed that Thein's initial emergency evaluation speculated that Coleman was in the "bipolar spectrum," but suggested Thein "reversed himself" in subsequently finding Coleman had "bipolar I" disorder throughout her life. Tr. 21. The ALJ noted excerpts from Thein's notes illustrating Coleman's allegedly inconsistent reporting to Thein. *Id.* The ALJ concluded, "In addition to the above inconsistencies in the reporting by psychiatrist Thein, the other evidence of record does not indicate the claimant was having manic episodes after her alleged disability onset date and prior to mid-2002." *Id.* The ALJ made no specific finding regarding Thein's opinion, and relied upon Thein's notes in finding Coleman "improved." Tr. 21 - 22.

Thein's notes do not reflect the contradiction the ALJ alleges. Thein conducted an emergency evaluation in April 2002, followed by a formal intake session in June 2002. Tr. 234, 242. Thein initially suggested Coleman had Bipolar Disorder and wanted to rule out an anxiety disorder in future evaluation. Tr. 244. In June 2002, based upon extensive evaluation and testing, Thein assessed Coleman with "Bipolar I Disorder, Moderate, Recurrent In Hypomanic Phase with History of Psychosis in Mania in Partial Remission." Tr. 239. Thein also confirmed

5 - OPINION AND ORDER

his Anxiety Disorder diagnosis. *Id.* Such a refined diagnosis consistent with an initial assessment does not indicate "reversal." This reason for discrediting Thein's bipolar diagnosis is not sustained.

Thein subsequently treated Coleman at monthly intervals between June 2002 and April 2003, when the record closes. Tr. 214 - 244, 333 - 340. Thein's notes demonstrate the progression of Coleman's bipolar illness. In November 2002 Coleman appeared to improve, but Thein's notation that her thinking was "relatively clear" must be read in the context of his treatment. Tr. 227. In December 2002 Coleman relapsed. Tr. 224. In April 2003 Thein noted Coleman was "doing relatively poorly" and exhibited pronounced manic symptoms and behavior. Tr. 214. She was again manic in September 2003. Tr. 332.

Thein explicitly found, with appropriate documentation, that Coleman's symptoms cycled throughout the period in question. Tr. 235, 333. Contrary to defendant's submission, such a pattern of symptom free periods does not preclude a disability finding. *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998) (citing *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995). Coleman's deteriorating condition and mood cycling does not demonstrate the "improvement" Commissioner asserts.

Thein also found that Coleman has demonstrated a bipolar disorder throughout her life. Tr. 234. He based this finding upon Coleman's earlier response to anti-depressant medications as well as upon Coleman's statements. *Id.* This finding is appropriately based upon clinical evidence and is not dependent upon Coleman's reports. Such a delayed diagnosis may be cited as it pertains to a condition present within the relevant time period. *See Smith v. Apfel*, 849 F.2d 1222, 1225 (9th Cir. 1988).

6 - OPINION AND ORDER

Thein's treatment notes are not "nearly identical," as defendant suggests.  Defendant's Brief, 9.  Thein reiterated his mental status examination rubric, but also made distinct and specific findings regarding Coleman's symptoms and behavior at each visit.  Tr. 214 - 244, 333 - 340.  Thein's notes chart a refined diagnosis of a bipolar disorder with characteristic cyclical symptoms.  The ALJ's assertion that these notes are contradictory or internally inconsistent is not based upon this record.  Such an inference must be "reasonably drawn" from the record.  *Batson*, 350 F.3d at 1193.  The ALJ's finding regarding Thein's alleged inconsistency does not meet this standard.  Thein's notes are extensively documented and adequately confirmed by clinical findings and testing.

If a claimant is found not credible, an ALJ is not required to rely upon the claimant's statements to physicians.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  The ALJ did not cite his credibility finding in disregarding Thein's opinion.  Tr. 21 - 22.  Furthermore, Thein's opinion is based upon clinical evaluation and examination as well as Coleman's reports.  Thein's opinion is supported without reference to Coleman's credibility.  Any submission that the ALJ could disregard Thein's opinion based upon Coleman's reporting can not be sustained.

Thein's opinion establishes that Coleman meets the relevant social security "listing" for an affective disorder.  In order to meet this listing, Coleman must show medical documentation of bipolar syndrome and at least two marked restrictions in 1) activities of daily living, 2) maintaining social functioning, 3) maintaining concentration, persistence, and pace, *or* 4) repeated episodes of extended decompensation.    20 C.F.R. Pt. 404, Subpart P, Appendix 1, § 12.04A-B. Alternatively, Coleman may show "a medically documented history of a chronic affective disorder that has caused more than a minimal limitation of ability to do basic work

activities..."  20 C.F.R. Pt. 404, Subpart P, Appendix 1, § 12.04C.

On July 21, 2005, Thein submitted a letter to the record summarizing Coleman's treatment.  Tr. 295 - 296.  Thein stated that Coleman has "never been able to demonstrate an ability to work on an ongoing basis."  Tr. 295.  He reiterated Coleman's psychiatric history, including failed diagnoses and limited response to antidepressant medication.  *Id.*  Thein described Coleman as 1) easily distracted, 2) suffering from "major" memory problems, "forgetting a great deal of information on a daily basis," 3) "totally" unable to be around people during psychotic phases of her illness due to paranoia, 4) unable to tolerate typical workplace changes, and 5) suggested that typical workplace stresses exacerbate Coleman's condition.  Tr. 296.  This letter, which is supported by Thein's clinical notes, establishes that Coleman meets listing 12.04.

The Commissioner asserts that Thein's opinion is contradicted.  Defendant's Brief, 11. Defendant cites an examining physician, Dr. Heidinger (mistakenly referred to as an orthopedist), and two reviewing physicians in support of her position.  Defendant's Brief, 11, 16.

Heidinger's "brief psychological testing" found only that Coleman's affect and judgment "appeared" normal, that she was oriented to time and place, and that her memory was grossly intact.  Tr. 183.  These findings do not contradict Thein's notes.  The ALJ should have given greater weight to Thein's supported opinion because, "a treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with other substantial evidence in the case record."  *Edlund*, 253 F.3d at 1157.  Additionally, while a specialist is not required for psychiatric diagnosis, a specialist is generally given greater weight.  *Sprague v. Bowen*, 812 F.2d

8 - OPINION AND ORDER

1226, 1231 - 2 (9th Cir. 1987); 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5).  The Commissioner's

assertion that Heidinger undermines Thein's diagnosis and clinical assessment is not sustained.

The Commissioner finally asserts that Thein's opinion *supports* the reviewing physicians'

findings that Coleman's mental impairments are non-severe.  Defendant's Brief, 11.  This

submission has little merit in light of Thein's notes discussed above.  Additionally, the opinion of

a reviewing physician cannot by itself constitute substantial evidence justifying rejection of a

treating physician.  *Lester*, 81 F.3d at 831.   The ALJ's reasoning regarding DDS physicians is not

sustained.

Because this court finds Coleman meets listing 12.04 based upon Thein's opinion and

clinical record, the Commissioner's arguments regarding Coleman's burden in establishing

equivalence will not be addressed.

**II.  Lay Witness Testimony**

Coleman initially claims the ALJ improperly rejected her daughter's testimony, but does

not develop this argument in her opening brief.  Plaintiff's Opening Brief, 4.

The ALJ has a duty to consider lay witness testimony.  20 C.F.R. §§ 404.1513(d);

404.1545(a)(3); 416.913(d)(4); 416.945(a)(3); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Friends and family members in a position to observe the claimant's symptoms and daily activities

are competent to testify regarding the claimant's condition.  *Dodrill v. Shalala*, 12 F.3d 915, 919

(9th Cir. 1993).  The value of lay witness testimony lies in their eyewitness observations, which

may "often tell whether someone is suffering or merely malingering."  *Dodrill*, 12 F.3d at 918.

The ALJ may not reject such testimony without comment, but he may reject lay testimony

inconsistent with medical evidence.  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996);

9 - OPINION AND ORDER

*Lewis*, 236 F.3d at 512.  If an ALJ rejects lay witness testimony entirely, he must give reasons germane to the witness.  *Nguyen*, 100 F.3d at 1467.

The ALJ cited testimony presented by Coleman's daughter, Cynthia Ringo.  Tr. 24.  He reiterated Ringo's reports of helping her mother with chores, driving, shopping, and childcare, and wrote "it is accepted that the claimant has presented herself as disabled since December of 2002."  *Id.*  The ALJ also stated that Ringo "testified that if the claimant does not take her medications, she does not get along with people."  *Id.*  The ALJ concluded, "The witness' testimony is found to be an accurate portrayal of the witness' perceptions, but it does not provide sufficient support to alter the residual functional capacity arrived at herein."  *Id.*  This is not a sufficient credibility determination addressing Ringo's testimony.

Lay witness testimony does not establish disability, but may corroborate other testimony. *Nguyen* 100 F.3d at 1467, *Dodrill*, 12 F.3d at 918.  Here, Ringo's observations regarding Coleman's ability to function in a work-like setting confirm clinical evaluation and prediction submitted by Thein.  Such omission is never harmless.  *Stout v. Commissioner*, 454 F.3d 1050, 1055-56 (9th Cir. 2006).  The ALJ's omission of Ringo's observations from his RFC calculation is not sustained.

## III.    The ALJ's Step Five Finding

After crediting Thein's testimony, there are no outstanding issues to be resolved before determining Coleman is disabled within the meaning of the Act.  Furthermore, it is clear from the record that the ALJ would be required to find Coleman disabled if the evidence were credited. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000).  At step five, the ALJ found that Coleman could perform a significant range of light work in the

national economy.  Tr. 27.  Because this court finds plaintiff meets the listing criteria for an

affective disorder, the ALJ's step five finding is not sustained.

### REMAND

> After finding the ALJ erred in his decision denying Coleman's application for benefits,

the court must determine the proper remedy.  This court has discretion to remand for further

proceedings or for immediate payment of benefits.  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th

Cir. 2000).  The issue turns on the utility of further proceedings.  A remand for an award of

benefits is appropriate when no useful purpose would be served by further administrative

proceedings or when the record has been fully developed and the evidence is not sufficient to

support the Commissioner's decision.  *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).

> Improperly rejected evidence should be credited as true and an immediate award of

benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting

such evidence, (2) there are no outstanding issues that must be resolved before a determination of

disability can be made, and (3) it is clear from the record that the ALJ would be required to find

the claimant disabled were such evidence credited."  *Harman*, 211 F.3d at 1178 (citing *Smolen v.*

*Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).   Such is the case regarding Thein's opinion and

Ringo's testimony.  The matter is remanded for an immediate award of benefits.

11 - OPINION AND ORDER

## **<u>CONCLUSION</u>**

Based on the foregoing, the ALJ's determination that Coleman did not suffer from a

disability should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for

calculation and award of benefits.

IT IS SO ORDERED.


DATED this _30_<sup>th</sup> day of October, 2006.


_____/s/_____
John P. Cooney
United States Magistrate Judge

12 - OPINION AND ORDER